# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MAGDALENO, | 1:09-cv-00312-LJO-SMS (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AND DIRECTING CLERK OF COURT TO TERMINATE ACTION IN ITS ENTIRETY |
| v. | |
| JAMES D. HARTLEY, | [Doc. 10] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on February 20, 2009, challenging the Board of Parole Hearings' July 16, 2006 decision finding him unsuitable for release on parole. (Court Doc. 1.) On May 21, 2009, Respondent filed an answer to the petition. (Court Doc. 9.) Petitioner did not file a traverse.

On November 2, 2009, Respondent filed a notice that Petitioner was released on parole. (Court Doc. 10.) Petitioner was granted parole by the Board at a subsequent parole consideration hearing, and on July 3, 2009, the Governor declined to review the Board's decision. (Id. at Exhibit 1, Governor's Letter, July 3, 2009.) Petitioner was released from prison on July 8, 2009. (Id. at Exhibit 2, Movement History Printout.)

## DISCUSSION

Because Petitioner has been granted the relief he requested, the case is now moot. The

case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); <u>NAACP., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S. 227, 240-241, (1937).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED as moot; and,
2. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   November 3, 2009**            /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE